Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT LEE WILLIAMS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No 7:05CV00335 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Robert Lee Williams, Pro Se Petitioner; Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States.*

Petitioner Robert Lee Williams, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2005). In his motion, Williams contests the validity of his May 25, 2004 conviction. Williams attacks his conviction by alleging that he did not plead guilty knowingly and voluntarily. The respondent has filed a Motion to Dismiss. The time allotted by the court for the petitioner's response has expired and he has not responded; therefore, this action is ripe for the court's consideration. Upon review of the record, I deny the petitioner's § 2255 motion.

## I. Procedural History.

On January 27, 2004, pursuant to a written plea agreement, Williams pled guilty to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), and to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On May 25, 2004, the court sentenced Williams to 262 months in prison. Williams signed the instant motion on May 11, 2005.

## II. The Petitioner's Contentions

The plea agreement to which Williams agreed contains a waiver of his right to collaterally attack his sentence pursuant to § 2255. This provision provides, "I agree not to collaterally attack the judgement and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court." Nonetheless, Williams brings this collateral attack, alleging several reasons why his plea agreement was not made knowingly and voluntarily:

1. He received ineffective assistance of counsel because his counsel told him that the gun charge would be dropped if he pled guilty and signed the plea agreement; his counsel's advice was not sufficiently competent; and his counsel did not explain to him the consequences of pleading guilty.

>    2. He did not read the plea agreement because he is illiterate and did not understand the nature of the guilty plea proceedings because he was high on marijuana.
>
>    3. He did not place his initials on the plea agreement. Rather, his attorney did this himself.
>
>    4. The court failed to inform him of the sentence range that he could face upon conviction.

### III. Analysis.

In *United States v Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit joined all other circuits that have addressed the issue of collateral attack waivers and held that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." When a petitioner's § 2255 motion asserts that such a waiver was not made knowingly and voluntarily, as the instant motion asserts, a court must view the petitioner's allegations in light of the Rule 11 guilty plea hearing to determine whether they are so palpably incredible, or so patently frivolous or false, as to warrant summary dismissal. *Id.* at 220. A defendant's sworn affirmations during a properly conducted Rule 11 colloquy carry a strong presumption of verity and, in the absence of extraordinary circumstances, allegations that contradict these statements are always palpably incredible and patently frivolous or false. *Id.* at 221. A district court should,

without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. *Id.* at 222.

Therefore, I must examine the validity of Williams' waiver and plea agreement against the backdrop of the statements made during the guilty plea hearing. If this waiver was knowing and voluntary, it will preclude him from challenging his conviction or sentence in this § 2255 motion.

After reviewing Williams' sworn statements during the guilty plea hearing, the court concludes that they contradict the allegations made in this motion and conclusively demonstrate that Williams knowingly and voluntarily agreed to the plea agreement and collateral attack waiver. Significantly, Williams testified that he understood the significance of the collateral attack waiver and that he agreed to the plea agreement on his own accord:

> THE COURT: Do you understand that under the plea agreement you waive or give up your right to collaterally attack your sentence; meaning that you could not file a motion or petition seeking to have your conviction and sentence set aside?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, has anyone made any promise to you other than those made in the plea agreement that caused you to want to plead guilty?
>
> THE DEFENDANT: No, sir.

-4-

> THE COURT: Has anyone attempted in any way to force you to plead guilty in this case?
>
> THE DEFENDANT: No, sir

(Tr. Guilty Plea 14.)

Williams' testimony also discredits the remainder of the allegations contained in his motion. His allegation that he did not read the plea agreement because of his illiteracy is contradicted by his testimony that he could read and write and that he read and discussed the terms of the plea agreement with his attorney. (Tr. Guilty Plea 3, 4, 9.) He also confirms that he initialed each page of the plea agreement, contradicting his current allegation to the contrary. (*Id.* at 9.) His allegation that he was unable to understand the proceedings due to being high on marijuana is discredited by his responsive participation in the proceedings and his attorney's affirmation that he met with Williams shortly before the hearing and believed him competent to plead guilty. (*Id.* at 4.) As to his assertion of ineffective assistance of counsel, the court notes that Williams testified that he was fully satisfied with his attorney's representation and that he had discussed with him the plea agreement and all matters pertaining to the charges against him. (*Id.* at 9.) Finally, the record reveals that the court informed Williams of the range of possible sentences that he faced. (*Id.* at 10, 15.)

-5-

Williams' testimony during his guilty plea hearing conclusively establishes that he understood the collateral attack waiver and plea agreement and that he knowingly and voluntarily agreed to the terms therein. His allegations to the contrary, therefore, are patently frivolous. Because Williams is bound by his statements at the guilty plea hearing, his collateral attack waiver is valid and he is procedurally barred from bringing this motion.

## IV. Conclusion.

I find that Williams knowingly and voluntarily entered into a plea agreement that contained a valid collateral attack waiver. As a result, his motion is procedurally barred and the respondent's Motion to Dismiss must be granted.

An appropriate order will be entered herewith.

DATED: October 18, 2005

/s/ JAMES P. JONES
Chief United States District Judge